NOV - 1 2010

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| REYNALDO GAMBOA, | |
|            Plaintiff, | 3:10-cv-0217-RCJ-RAM |
| vs. | **ORDER** |
| E.K. McDANIEL, *et al.*, | |
|            Defendants. | |

Plaintiff, who is a Nevada inmate has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and an application to proceed in *forma pauperis* (docket #1).

Based on the information regarding plaintiff's financial status in the Application to Proceed *in Forma Pauperis*, the Court will grant plaintiff leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915. He has paid an initial installment. The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's institutional account regardless of the outcome of this action.

Plaintiff has also addressed numerous letters to the court. These letters shall be stricken from the record. Plaintiff is advised that the court does not entertain ex parte communication and civil litigation is not conducted by correspondence. Any issue he wishes the court to address must be presented in the form of a motion and that motion must be served upon the opposing parties with proof of that service filed with the clerk of court. *See* Local Rules of Practice 7-2 and 7-6.

The complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

## I. Screening Pursuant to 28 U.S.C. § 1915A

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim

1  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
2  would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making
3  this determination, the Court takes as true all allegations of material fact stated in the complaint, and the
4  Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d
5  955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than
6  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
7  U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed
8  factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*
9  *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action
10 is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

11 All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
12 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
13 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
14 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
15 allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
16 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

17 **II.     Discussion**

18 Plaintiff's complaint is, for the greatest part, unintelligible. It contains a mix of assertions
19 related to the conditions of his confinement and possible excessive force, making reference to torture
20 of himself and the children of Ely. He further assertions of racial discrimination and complains that the
21 caseworker has failed to give him credit for the completion of certain programing.

22 Plaintiff sues fourteen unidentified Joe Doe defendants. He also lists E.K. McDaniel on
23 the front page of the complaint form, but does not include Mr. McDaniel as a defendant on the separate
24 page listing the identity and address and occupation of the intended defendants. Plaintiff seeks monetary
25 damages as well as injunctive relief and release from prison.

26

3

The complaint shall be dismissed with leave to amend.

Eighth Amendment Claims

Plaintiff claims that he was subjected to excessive force and torture. He claims he has been subject to pain "24/7" and that his grievances are ineffective. He further contends that the defendants "abuse the children [of] the Ely City...." Complaint, Count I.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id.; Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S. 327, 33 (1986).

///

///

4

Other Claims

Plaintiff's complaint contains other undecipherable claims. Plaintiff will be required to amend his complaint to separate out each type of claim. If the facts relate to alleged mistreatment or physical abuse those claims should be presented in a single claim. If the facts relate to denied property or time credits, those facts should be presented together as a single claim. If the facts relate to purported discrimination, all of those facts should be presented in a single claim.

Defendants

A final fatal flaw to the complaint is that plaintiff has not identified a single individual in any of his claims. Section 1983 requires there to be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff must provide the name of at least one individual who is responsible for the alleged wrongs. He cannot merely identify each of the perpetrators as Joe Doe, as no one can be called to answer the claims without first being identified.

Moreover, to the extent that plaintiff has attempted to sue McDaniel under a theory of supervisory liability, plaintiff has not alleged sufficient facts to state a claim. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Plaintiff must allege facts indicating that supervisory a defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act

to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has failed to allege any facts against defendants to state a claim for a constitutional violation or for supervisorial liability, therefore, the complaint will be dismissed.

**III.   Conclusion**

Plaintiff's complaint shall be dismissed with leave to amend. His letters shall be stricken from the record and the original documents that he has attached to the complaint shall be detached and returned to plaintiff for his use and safekeeping.

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) is **GRANTED**. Plaintiff Raynaldo Gamboa, **Inmate No. 84977**, will be permitted to maintain this action to conclusion without prepayment of the full filing fee. Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this action. **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services, Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

///

///

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that the Clerk shall file the Complaint, which is **DISMISSED WITHOUT PREJUDICE.** Plaintiff shall have thirty days for entry of this Order to file an amended complaint which addresses the deficiencies identified in this order. The Clerk shall send to plaintiff a §1983 civil rights complaint form and instructions for his use.

**IT IS FURTHER ORDERED** that the Clerk shall detach and return to plaintiff those original documents attached to his complaint.

**IT IS FURTHER ORDERED** that plaintiff's letters to the Court (dockets #3 and ##6-14) shall be **stricken** from the Court's docket. No further letters to the Court or to the Clerk shall be filed in this action, but shall be stamped received and returned to plaintiff.

DATED: November 1, 2010.

_____
UNITED STATES MAGISTRATE JUDGE